Date Signed:
January 18, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DARREN DEAN HO and SHARAY KEALA HO,<br><br>          Debtors. | Case No. 10-03596<br>Chapter 7 |
| DANE S. FIELD, Trustee of the estate of Darren Dean Ho and Sharay Keala Ho,<br><br>          Plaintiff,<br><br>    vs.<br><br>HSBC BANK USA, N.A., et al.,<br><br>          Defendants. | Adv. Pro. No. 16-90033<br><br><br><br>Re: Dkt. 17 |

### MEMORANDUM OF DECISION ON MOTION TO DISMISS

This is a "wrongful foreclosure" action. Defendant HSBC Bank USA, N.A. ("HSBC"), joined by the other defendants except defendant American Savings Bank, F.S.B., moves the court to dismiss this adversary proceeding. For the reasons that

follow, I will grant the motion in one respect and deny it in all other respects.

I.   FACTS

This section very briefly summarizes the allegations of the complaint. For purposes of this motion, I assume that those allegations are true.

The plaintiff ("Trustee") is the trustee of the bankruptcy estate of Darren Dean Ho and Sharay Keala Ho ("Hos"). Prior to the Hos' bankruptcy filing, HSBC foreclosed a mortgage on the Hos' property. According to the Trustee, HSBC did not conduct the foreclosure sale properly, and therefore the foreclosure sale was void. HSBC purchased the property at the foreclosure sale and later sold the property to the defendants David Lee Stoltzfus and Rhonda Marie Bode Stoltszfus ("Stoltzfus Defendants").

II.   JURISDICTION AND VENUE

This is a pre-answer motion to dismiss that does not challenge the bankruptcy court's personal jurisdiction, the sufficiency of service or process, or venue. Therefore, HSBC and the joining defendants have waived these defenses.[1]

The motion also does not challenge the bankruptcy court's subject matter jurisdiction, but this defense is not waived.[2] Further, all federal courts have an

---

[1] Fed. R. Civ. P. 12(h)(1), made applicable by Fed. R. Bankr. P. 7012.

[2] Fed. R. Civ. P. 12(h)(3).

U.S. Bankruptcy Court - Hawaii    #16-90033    Dkt # 30    Filed 01/18/17    Page 2 of 14

independent obligation to ascertain their own subject matter jurisdiction.[3]

If the Trustee is successful, he will recover money or property for the estate. Therefore, this adversary proceeding is "related to" the Hos' bankruptcy case, and the bankruptcy court has subject matter jurisdiction.[4]

The bankruptcy court probably cannot enter a final judgment in this adversary proceeding unless all defendants consent.[5] The defendants are not yet required to file answers in which they must state whether they will consent. Therefore, I must withhold decision on whether to enter a final judgment or instead issue proposed findings and a recommended judgment for the district court's review.

## III.    STANDARD

HSBC argues that the court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6), which applies to this adversary proceeding by virtue of Fed. R. Bankr. P. 7012.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] A

---

[3] *Arbaugh v. Y & H. Corporation*, 126 S.Ct. 1235, 1240 (2006).

[4] 28 U.S.C. § 1334(b).

[5] 28 U.S.C. §157(c).

[6] *Compton v Countrywide Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014) (internal quote marks omitted).

formulaic recitation of the elements of a cause of action does not suffice.[7]

"A motion to dismiss the complaint on the grounds that the cause of action is barred by a statute of limitations is treated as a . . . 12(b)(6) motion to dismiss for failure to state a claim and can be granted when the validity of the affirmative defenses is apparent from the face of the pleading."[8]

## IV. DISCUSSION

### A. Statute of Limitations

HSBC argues that the statute of limitations bars this action. HSBC relies on Haw. Rev. Stat. § 657-7, which provides that, subject to an exception that does not apply here, "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after . . . ."

The Trustee argues that Hawaii's catch-all statute of limitations applies. That section is Haw. Rev. Stat. § 657-1(4), which provides, "The following actions shall be commenced within six years next after the cause of action accrued, and not after: . . . (4) Personal actions of any nature whatsoever not specifically covered by the laws of the State."

---

[7] *Id.* (quoting *Bell Atl. v. Corp. v. Twombly* (550 U.S. 544, 570 (2007)).

[8] *Thomas v. Sterns*, 2013 WL 1233545 at *3 (Haw. App. March 27, 2013) (internal marks omitted).

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 30   Filed 01/18/17   Page 4 of 14

Alternatively, the Trustee argues that Haw. Rev. Stat. § 657-31 applies: "No person shall commence an action to recover possession of any lands or make any entry thereon, unless within twenty years after the right to bring the action first accrued."

I agree with the Trustee that the six-year statute applies.

Contrary to HSBC's contentions, it does not matter whether the Trustee's claims sound in tort or contract. "The Hawaii Supreme Court has stated that the appropriate statute of limitations period is determined by the nature of the claim or right alleged in the pleadings, not by the form of the pleadings."[9]

The question whether the six year or two year statute of limitations applies turns on whether the plaintiff is claiming injury to a person or damage to property. If plaintiff seeks damages arising from the physical injury to a person or injury to a tangible interest in property, then Haw. Rev. Stat. § 657-7, the two year statute of limitations, applies. If the plaintiff seeks recovery for loss of an intangible property interest, Haw. Rev. Stat. § 657-1(4)'s six year statute of limitations applies.[10]

---

[9] *Lowther v. U.S. Bank N.A.*, 971 F. Supp. 2d 989, 1013 (D. Haw. 2013) (applying the six year statute to wrongful foreclosure and related claims) (citing *Au v. Au*, 63 Haw. 210, 214 (1981) (applying the six year statute to claims for breaches of warranty and fraudulent representations in connection with the sale of a residence because the claims were based on a non-physical injury to intangible rights.).

[10] *Id.* (citing *Higa v. Mirikitani*, 55 Haw. 167, 170 (1973) (holding that the six year statute applies to legal malpractice claims because such claims "concern[] a non-physical injury to an intangible interest of the plaintiff . . . ."). *See also Eastman v. McGowan*, 86 Haw. 21, 27 (Haw. 1997) (applying the six year statute to claims for fraudulent misrepresentations); *Swift v. Swift*, 2016 WL 3573970 at *4 (Haw. App. June 30, 2016) (applying the six year statute to a claim for breach of fiduciary duty related to the refusal to reconvey certain real property and to grant a view easement over that property); *Langer v. Rice*, 2013 Wl 5788676, at *16 (Haw. App. Oct. 28, 2013) (applying

U.S. Bankruptcy Court - Hawaii    #16-90033    Dkt # 30    Filed  01/18/17    Page 5 of 14

In this case, the Trustee does not allege any physical harm to the mortgaged property. Instead, he argues that HSBC wrongfully deprived the debtors of their ownership interest in that property, consisting of intangible interests such as title and the right to possession. Thus, the six year statute applies and the action is timely.[11]

Because the complaint is timely under the six year statute, I need not consider whether the twenty year statute of Haw. Rev. Stat. § 657-31 applies.

HSBC cites to Hawaii decisions applying the two year statute to insurance bad faith claims.[12] That decision relies entirely on the logic that such claims are tort claims, and the two year statute governs tort claims. Since these cases are hard to reconcile with the other Hawaii decisions cited above, which hold that the nature of the injury, and not the form of the action, dictates which statute of limitations applies, they should be confined to the insurance bad faith context.

Both HSBC and the Trustee cite unreported decisions of Hawaii trial judges, who have different views of this issue. However, the parties have not provided me with the judges' reasoning, so it is difficult for me to evaluate those decisions even though they have no precedential effect. In any event, I respectfully disagree with

---

the six year statute to claims of fraudulent inducement related to certain business transactions).

[11] According to the complaint, the foreclosure auction was held on July 21, 2010. This adversary complaint was filed on July 21, 2016.

[12] *Christiansen v. First Insurance Co. of Hawaii*, 88 Hawaii 442 (Haw. App. 1998), *reversed in part on other grounds*, 88 Hawaii 136 (1998); *Best Place Inc. v. Penn America Ins. Co.*, 82 Haw. 120 (1996); and *Baird v. State Farm Mut. Auto Ins. Co.*, 11 F.Supp.2d 1204 (D. Haw. 1998).

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 30   Filed 01/18/17   Page 6 of 14

those decisions that apply the two year statute. (The conflict among the trial courts indicates the need for appellate decisions in this area.)

HSBC also points out that, under Hawaii law, a mortgagor seeking to set aside an improper foreclosure must act timely.[13] But the Hawaii courts have never defined "timely" in this context, let alone said that the courts should apply the shortest possible statute of limitations. It is more appropriate to consider the timeliness of the mortgagor's actions under the rubric of laches or as a condition to the grant of any equitable remedies, so that the timeliness of the mortgagor's action can be assessed in the context of a particular case.

B.  Laches

HSBC argues that the court should dismiss the complaint under the doctrine of laches. Laches is different from the statute of limitations since laches is an equitable defense whereas the statute of limitations is created by law.[14] HSBC points to the six year delay between the foreclosure auction and the filing of this case and the resale of the property to the Stoltzfus Defendants.

> A court of equity, therefore, will only consider a claim brought without unreasonable delay. More explicitly, the court will entertain a suit if it has been brought without undue delay after plaintiff knew of the wrong

---

[13] *Kondaur Capital Corporation v. Matsuyoshi*, 136 Haw. 227, 240 (2015).

[14] *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Under Hawaii law, laches applies to all civil actions. *Assoc. of Apartment Owners of Royal Aloha v. Certified Mgmt., Inc.*, ___ P.3d ____, 2016 WL 7163649 at *7 (Haw. Dec. 21, 2016).

7

or knew of facts and circumstances sufficient to impute such knowledge to him and the time lapse has not resulted in prejudice to the defendant. Prejudice has been found, for example, where fading memories or death has caused the loss of evidence, where changes in the value of the subject matter or in the defendant's position have occurred, and where there are intervening rights of third parties. And whether a claim is barred by laches is determined by the circumstances of each particular case.[15]

Laches is an affirmative defense that depends heavily on the factual context. It would be unusual to effectively apply laches when a party has filed its action before the statute of limitations applicable to the action has run.[16] Furthermore, on a motion to dismiss, the court generally considers only the face of the complaint. While it may be possible for a complaint to reveal a laches defense on its face, such a complaint would be rare, and this is not that complaint.

### C. Void or Voidable

HSBC objects to the complaint's allegation that, because the foreclosure sale was defective, it was void. HSBC denies that the foreclosure was improper but contends that, even if there was a defect, the sale would be voidable, not void.

This is a technical but important distinction. One who takes title in a void transaction cannot pass good title to anyone. But if the transaction is voidable, a good faith purchaser for value can acquire a valid title.[17]

---

[15] *Small v. Badenhop*, 67 Haw. 626, 640 (1985) (citations and internal quote marks omitted).

[16] *Shouse v. Pierce County*, 559 F.2d 1142, 1147 (9th Cir. 1977).

[17] *Compass Bank v. Petersen*, 886 F.Supp.2d 1186, 1195 (C.D. Calif. 2012).

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 30   Filed  01/18/17   Page 8 of 14

Hawaii case law on this point is inconsistent. In earlier cases, the Hawaii Supreme Court said that a defective foreclosure sale is "void" or, if notice was defective, "void and not voidable."[18] The Hawaii Supreme Court has never expressly overruled these decisions.

In more recent decisions, however, the Hawaii Supreme Court has repeatedly stated that an improper foreclosure sale is "voidable at the election of the mortgagor."[19] In view of these repeated recent holdings, I conclude that an improperly conducted foreclosure sale under Hawaii law is voidable, not void, and that the Hawaii Supreme Court has impliedly overruled its earlier decisions to the contrary.[20] I will grant the motion to dismiss to that limited extent, with leave to amend.

D.   Mortgagor's Consent

HSBC argues that the complaint improperly alleges that HSBC could not postpone the foreclosure sale without the Hos' consent. HSBC also argues that, even if consent was required, both the Trustee and the Hos impliedly gave their consent by

---

[18] *Ulrich v. Security Inv. Co.*, 35 Hawaii 158, 168 (1939); *Silva v. Lopez*, 5 Hawaii 262, 271 (1884).

[19] *Santiago v. Tanaka* 137 Hawaii 137, 158 (2016). *See also Kondaur Capital Corp. v. Matsuyoshi*, 136 Hawaii 227, 240 (2015) (holding that a mortgagee's failure to prove that it conducted the foreclosure properly "would render the foreclosure sale voidable and [the sale] could therefore be set aside at the timely election of the mortgagor."); *Mount v. Apao*, 139 Haw. 167, ___, 384 P.3d 1268, 1270 (Haw. 2016) (stating that a defective foreclosure is voidable at the mortgagor's election).

[20] The statements in *Ulrich* and *Silva* are also dicta; the result would have been the same regardless of whether the defective sale was void or voidable.

9

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 30   Filed 01/18/17   Page 9 of 14

remaining silent until the Trustee filed the action.

The Trustee attached to his memorandum a proposed amended complaint which seems to eliminate the allegations about consent. For the reasons stated above, I am granting leave to file an amended complaint, so I assume the amended complaint will clarify the Trustee's position on this issue.

E. Judicial Estoppel

HSBC argues that the court should dismiss this case under the doctrine of judicial estoppel. HSBC points out that, in their bankruptcy case, the Hos did not assert any continuing interest in the property and did not make any claim that the foreclosure was improper. HSBC further points out that the Trustee did not assert any such claim before he initially closed the bankruptcy case.

> Courts have observed that the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle. Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.
>
> In enumerating these factors, we do not establish inflexible

10

prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.[21]

Judicial estoppel does not apply here. HSBC has not established that judicial estoppel should apply to the Hos because their failure to schedule the claims may have been inadvertent or based on an honest belief that they had no such claims.[22] Even assuming that the Hos are subject to judicial estoppel, their conduct is not attributable to the Trustee.[23] It would be absurd and inequitable to apply judicial estoppel to a bankruptcy trustee, and deprive the debtors' innocent creditors of the value of an unscheduled claim, simply because the trustee failed to uncover the claim until after the case was initially closed. Nothing about this case casts doubt on the integrity of the judicial process.

### F. Standing

HSBC argues that the Trustee lacks standing to assert these claims. HSBC argues that the claims were automatically abandoned to the Hos when their case was closed. I disagree.

Section 554(c) of the Bankruptcy Code provides that, "Unless the court orders

---

[21] *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)(internal quotes and citations omitted).

[22] *Ah Quin v. County of Kauai*, 733 F.3d 267, 271 (9th Cir. 2013); *Stephenson v. Malloy*, 700 F.3d 265, 275 (6th Cir. 2012).

[23] *Stephenson v. Malloy*, 700 F3.d at 271-72.

11

otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . ." The flaw in HSBC's argument is that the Hos did not include any claims against HSBC in their schedules. They disclosed the fact that the foreclosure had occurred, but did not indicate that the foreclosure may have been wrongful.[24] Property of the estate that is not scheduled and not otherwise administered before the case is closed is not abandoned to the debtor but remains property of the estate forever.[25] The claims against these defendants were not scheduled, administered, or abandoned, and they remain property of the estate under the Trustee's exclusive control.

G. Stay

HSBC argues that I should stay this adversary proceeding until the Hawaii Supreme Court issues its decision in *Hungate v. Deutsche Bank, et al.,* SCAP-13-0005234. I will not stay this case at this time. *Hungate* may very well affect this case, but the Hawaii Supreme Court will likely decide *Hungate* well before this case is ready for trial. In the meantime, this case should proceed. (I would be willing to revisit this issue if *Hungate* is still unresolved when the trial of this case approaches.)

---

[24] This is not to say that the Hos necessarily did anything wrong. They may have been unaware of the alleged defects in the foreclosure. They may also have thought that they released their claims under the moveout agreement described below.

[25] *Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.)*, 371 B.R. 412, 418 (B.A.P. 9th Cir. 2007).

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 30   Filed 01/18/17   Page 12 of 14

In its reply memorandum, HSBC also argued that I should defer deciding this motion until HSBC files a motion in district court to withdraw the reference and the district court acts on that motion. I will deny this request. The district court has already made a blanket referral of all bankruptcy-related matters to this court. It is my responsibility to deal promptly with all such cases unless and until the district court tells me otherwise. (Further, based on historical practice, it is unlikely that the district court would grant such a motion.)

### H. Moveout Agreement

In its reply memorandum, HSBC argued for the first time that this case should be dismissed because, prior to their bankruptcy filing, the Hos agreed to release their claims and move out of the property in consideration of a payment. I will not consider this argument for two reasons. First, it was only raised in the reply memorandum and the Trustee has not had a full opportunity to respond. Second, it relies on materials other than the complaint itself and thus is not a proper ground for a rule 12 motion. If HSBC wants me to consider this argument, HSBC must file a motion for summary judgment.

## V. CONCLUSION

An improper foreclosure sale under Hawaii law is voidable at the timely election of the mortgagor, not void. Any claims to the contrary are DISMISSED with

U.S. Bankruptcy Court - Hawaii    #16-90033    Dkt # 30    Filed 01/18/17    Page 13 of 14

prejudice and with leave to amend.  The motion is DENIED in all other respects.

## END OF ORDER

14