

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DARREN DEAN HO and SHARAY KEALA HO,<br><br>                Debtors. | Case No. 10-03596<br>Chapter 7 |
| DANE S. FIELD, Bankruptcy Trustee of the Estate of Darren Dean Ho and Sharay Keala Ho,<br><br>                Plaintiff,<br><br>      vs.<br><br>HSBC BANK USA, N.A., et al.,<br><br>                Defendants. | Adv. Pro. No. 16-90033<br><br><br><br>Re: Dkt. 32 |

## MEMORANDUM OF DECISION
## ON MOTION FOR RECONSIDERATION

In this "wrongful foreclosure" action, the plaintiff seeks reconsideration of my

decision[1] that, under Hawaii law, a defective nonjudicial foreclosure is voidable, not void. For the reasons that follow, I will deny the motion but reserve decision on whether to certify the question to the Hawaii Supreme Court until a later stage of the litigation.

The plaintiff in this case ("Trustee") is the bankruptcy trustee of the estates of Darren Dean Ho and Sharay Keala Ho ("Hos"). Defendant HSBC Bank USA, N.A. ("HSBC"), the assignee of the Hos' mortgage, acquired the property in a nonjudicial mortgage foreclosure. HSBC transferred the property to defendants David Lee Stoltzfus and Rhonda Marie Bode Stoltzfus, who further transferred the property to their revocable living trusts (collectively the "Stoltzfus Defendants"). The Stoltzfus Defendants apparently mortgaged the property to defendant Wells Fargo Bank.

In my prior decision, I held that a defective nonjudicial foreclosure sale is voidable, not void, under current Hawaii law. The difference matters because one who takes title in a void transaction cannot pass good title to anyone. But if the transaction is voidable, a good faith purchaser for value can acquire a valid title.[2]

The Trustee correctly points out that, in its older decisions, the Hawaii Supreme Court said that a defective foreclosure sale is "void,"[3] and that the supreme

---

[1] Dkt. 30.

[2] *Compass Bank v. Petersen*, 886 F.Supp.2d 1186, 1195 (C.D. Cal. 2012).

[3] *Ulrich v. Security Inv. Co.*, 35 Hawaii 158, 168 (1939); *Silva v. Lopez*, 5 Hawaii 262, 271 (1884).

2

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 40   Filed  04/07/17   Page 2 of 5

court has never expressly overruled these decisions.

The defendants are also correct, however, that, in more recent decisions, the Hawaii Supreme Court has stated that an improper nonjudicial foreclosure sale is "voidable at the election of the mortgagor."[4]

Despite the Trustee's careful and thorough arguments, I continue to believe that an improperly conducted nonjudicial foreclosure sale under Hawaii law is voidable, not void. This conclusion is not free from doubt, however, because the Hawaii Supreme Court has never discussed the tension between the older and the newer decisions, let alone expressly overruled its earlier decisions. (It is also not clear that any of the statements, in either the newer or the older cases, are holdings or dicta.)

The Trustee also cites cases from other jurisdictions holding that, if the defect is serious enough, the nonjudicial foreclosure is void, but less serious defects render it merely voidable.[5] This position has much to recommend it, but there are explicit indications in the Hawaii decisions that the Hawaii Supreme Court would adopt it.

Because of this uncertainty, HSBC argues that, if I do not deny the motion, I

---

[4] *Santiago v. Tanaka* 137 Hawaii 137, 158 (2016). *See also Kondaur Capital Corp. v. Matsuyoshi*, 136 Hawaii 227, 240 (2015) (stating that a mortgagee's failure to prove that it conducted the foreclosure properly "would render the foreclosure sale voidable and [the sale] could therefore be set aside at the timely election of the mortgagor."); *Mount v. Apao*, 139 Haw. 167, 169 (Haw. 2016) (stating that a defective foreclosure is voidable at the mortgagor's election).

[5] Dkt. 39.

3

should certify the relevant question to the Hawaii Supreme Court. The Trustee agrees with this suggestion, but the Stoltzfus Defendants and Wells Fargo do not.

Rule 13(a) of the Hawaii Rules of Appellate Procedure provides that:

> When a federal district or appellate court certifies to the Hawaiʻi Supreme Court that there is involved in any proceeding before it a question concerning the law of Hawaiʻi that is determinative of the cause and that there is no clear controlling precedent in the Hawaiʻi judicial decisions, the Hawaiʻi Supreme Court may answer the certified question by written opinion.

The first and third requirements of rule 13(a) are met: the question is an issue of Hawaii law; and the relevant Hawaii judicial decisions are in conflict.

No Hawaii case law defines the phrase "determinative of the cause," but it probably means that the Hawaii Supreme Court will not answers questions that may not be necessary to the resolution of some or all of the claims in the case.

At least two possible outcomes of this case would obviate a decision whether the foreclosure was void or voidable.

First, HSBC contends that, before the Hos filed their bankruptcy petition, they signed a "moveout agreement" in which they waived their right to challenge the foreclosure in consideration of a cash payment. The Trustee disagrees with this argument, but, if HSBC is correct, the Trustee could not challenge the foreclosure regardless of whether it is void or voidable.

Second, the Trustee's complaint alleges that the Stoltzfus Defendants had

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 40   Filed   04/07/17   Page 4 of 5

"record notice" of the defects in the foreclosure. The Stoltzfus Defendants do not agree but, if the Trustee is correct, the Stoltzfus Defendants would not be *bona fide* purchasers, and the Trustee could recover the property from them even if the sale were only voidable.[6]

Although it would undoubtedly be desirable to obtain an early decision of this question from the Hawaii Supreme Court, the requirements of rule 13(a) are not met. The situation may change, however, depending on how this proceeding develops.

Therefore, the motion for reconsideration is DENIED. I remind the parties, however, that my ruling on the merits is interlocutory and subject to change under appropriate circumstances, and that subsequent decisions may permit a certification of the "void vs. voidable" question to the Hawaii Supreme Court.

## END OF ORDER

---

[6] There is also a question whether the Hawaii Supreme Court would accept a certified question from the bankruptcy court, where rule 13(a) refers only to federal district and appellate courts. This problem could probably be solved by explaining to the supreme court that the bankruptcy court is a "unit of the district court," 28 U.S.C. § 151, or by asking the district court to withdraw the reference for purposes of making the certification.

U.S. Bankruptcy Court - Hawaii   #16-90033   Dkt # 40   Filed  04/07/17   Page 5 of 5